JOHN A. BRIGNAND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brignand v. Commissioner
Docket No. 18767-92
United States Tax Court
T.C. Memo 1993-590; 1993 Tax Ct. Memo LEXIS 606; 66 T.C.M. (CCH) 1573; December 15, 1993, Filed *606 An order of dismissal for lack of jurisdiction will be entered. For petitioner: Kevin J. Mirch. For respondent: Paul K. Voelker. DAWSON, COUVILLION
DAWSON; COUVILLION
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge D. Irvin Couvillion pursuant to section 7443A(b)(4) [1] and Rules 180, 181, and 183. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE COUVILLION, Special Trial Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)
Sec. 6654
1979
$  5,060
$ 2,530
$ 202
1980
6,044
3,022
384
1981
11,594
5,797
888
Respondent filed a motion to dismiss this case for lack of jurisdiction on the ground that the petition was not filed within *607 the applicable time period prescribed by section 6213(a). Petitioner opposes the motion on the ground that the notice of deficiency was not mailed to petitioner's last known address. At the time the petition was filed, petitioner's legal residence was Reno, Nevada. On December 17, 1986, respondent mailed duplicate originals of a notice of deficiency for the 3 years at issue addressed to petitioner at the following addresses: 924 S. Virginia St.
c/o Diane Bravo
Reno, NV 89502
1195 Forest St.
Reno, NV 89509
Petitioner never received either of these notices of deficiency, and neither of the notices was returned to respondent undelivered. On April 1, 1987, respondent mailed another notice of deficiency, for the 3 years at issue, addressed to petitioner at the following address: Box 344, Al Jubail, Saudi Arabia. The notice of deficiency was mailed by registered mail. It was never returned to respondent. Petitioner contends he never received the notice of deficiency. The petition was filed August 20, 1992. This calculates to a period of 2,073 days from the date the notice of deficiency dated December 17, 1986, was mailed, and 1,968 days from the date the notice of deficiency *608 dated April 1, 1987, was mailed. The mailing address used by respondent in the notice of deficiency dated April 1, 1987, was taken from the last income tax return filed by petitioner prior to issuance of the notice of deficiency. That income tax return was for petitioner's 1986 tax year. That return was posted on respondent's computer records on March 23, 1987. Petitioner's address on this return was Box 344, Al Jubail, Saudi Arabia. Although petitioner contends he never received any of the notices of deficiency, the notice of deficiency attached to the petition was one of the notices dated December 17, 1986, addressed to petitioner in care of Diane Bravo, 1195 Forest Street, Reno, Nevada 89509. In his petition, petitioner alleged that this address was not his last known address, and that his last known address was Box 344, Al Jubail, Saudi Arabia. That latter address is the address to which the notice of deficiency dated April 1, 1987, was mailed. The record is not clear as to how and when petitioner received the notice of deficiency of December 17, 1986, upon which he filed his petition. [2]
*609 Respondent never received any notices of address changes from petitioner. As noted above, none of the notices of deficiency were ever returned to respondent by the U.S. Postal Service as either unclaimed or nondeliverable. A valid notice of deficiency and a timely filed petition are prerequisites to commencing an action for the redetermination of a deficiency in this Court. Secs. 6212 and 6213; e.g., . When the notice of deficiency is addressed to a person within the United States, a petition in this Court is timely only if it is filed within 90 days after the notice of deficiency is mailed. That period extends to 150 days if the notice of deficiency is addressed to a taxpayer outside the United States. Sec. 6213(a). The petition in this case was filed over 5 years after all of the notices of deficiency were mailed. If a notice of deficiency was properly issued, respondent's motion to dismiss for lack of jurisdiction must be granted because the petition was clearly filed late. At the hearing on the motion, counsel for respondent took the position that respondent was relying on the notice of deficiency *610 mailed to petitioner on April 1, 1987. That notice was addressed to petitioner at Box 344, Al Jubail, Saudi Arabia. Respondent is authorized to send a notice of deficiency to a taxpayer if it is determined that there is a deficiency in tax. Sec. 6212(a). If the notice is "mailed" to the taxpayer's "last known address" by certified or registered mail, respondent has complied with the mailing requirement of section 6212(a), and the 90-day or 150-day period, whichever is applicable, during which a petition may be filed begins to run. Sec. 6212(a) and (b). The case law is clear that, if respondent follows the procedure set forth in section 6212, without more, the notice of deficiency is valid even if the taxpayer never receives it. E.g., , affg. ; ; ; . The burden of proving that this Court has jurisdiction *611 is on the taxpayer. ; ; . Petitioner's position is difficult to follow. In his petition, he alleged his "last known address" to be Box 344, Al Jubail, Saudi Arabia, which is the exact address used by respondent in the notice of deficiency dated April 1, 1987. Petitioner argues, however, that respondent obviously knew of petitioner's two other addresses (at Reno, Nevada); yet, respondent failed to mail the April 1, 1987, notice to those addresses. Petitioner argues that, because of this uncertainty, respondent was under a duty to investigate and determine more precisely where and what was petitioner's last known address. As argued by petitioner on brief, "respondent must do a thorough investigation". Respondent, petitioner argues, could not rely solely on the address given by petitioner on the last income tax return filed prior to issuance of the last notice of deficiency in view of what petitioner apparently contends was conflicting information *612 as to petitioner's correct address. The cases do not support petitioner's argument. Respondent's knowledge of a taxpayer's address rather than what may in fact be the taxpayer's current address is the crucial element in determining whether a notice of deficiency is mailed to the taxpayer's "last known address" within the intent and meaning of section 6212(b)(1). ; . Once respondent becomes aware of a change of address, reasonable care and diligence must be exercised by respondent in ascertaining and mailing the notice of deficiency to the correct address. . Generally, the taxpayer's "last known address" is the address to which, in light of all surrounding circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. . Respondent is entitled to rely on the address appearing on the taxpayer's most recently filed *613 return, unless respondent has been given clear and concise notification of a different address. . Respondent used the address on petitioner's most recently filed tax return when the notice of deficiency of April 1, 1987, was mailed. Petitioner alleged, in his petition, that this was his correct address. To say that, because respondent knew of the two Reno, Nevada, addresses, respondent was under a duty to more diligently pursue petitioner's current address is simply not a standard required under Moreover, even if petitioner's last known address was at either of the Reno, Nevada, addresses, respondent in fact earlier mailed notices of deficiency to those addresses on December 17, 1986. Under the facts of this case, the Court finds that respondent mailed the notice of deficiency dated April 1, 1987, to petitioner's last known address. The fact that it was not received by petitioner or was not received in time for the filing of a petition in this Court does not render the notice of deficiency invalid. Petitioner never gave respondent any clear *614 and concise notification of an address change. Respondent was justified in relying on petitioner's last filed return in mailing the notice of deficiency on April 1, 1987. The Court holds that the notice of deficiency dated April 1, 1987, was mailed to petitioner's "last known address" within the intent and meaning of section 6212(b)(1). Accordingly, the notice of deficiency is valid, and the petition was not timely filed. Sec. 6213(a). Therefore, respondent's motion to dismiss for lack of jurisdiction will be granted. An order of dismissal for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The deficiencies in tax and the additions to tax are identical in the notices of deficiency dated Dec. 17, 1986, and Apr. 1, 1987, except for 1980, where the deficiency in tax in the Dec. 17, 1986, notice is $ 6,044 and $ 11,594 in the notice dated Apr. 1, 1987. Respondent agreed, on brief, that the correct amount is $ 6,044, and that the assessment against petitioner for 1980 would be abated to $ 6,044.↩